### In the Interest of A.H. and D.H., Children.

### No. 05–03–00080–CV.

Court of Appeals of Texas, Dallas.

Sept. 9, 2003.

. . .

April E. Smith, Mesquite, for Appellant.

Charles Patrick Reynolds, Asst. Dist. Atty., William T. (Bill) Hill, Jr., Dallas, for Appellee.

Before Justices MORRIS, O'NEILL, and LANG.

## OPINION

Opinion by Justice MORRIS.

In this case, Allen Wayne Henderson appeals the trial court's judgment termi-

nating his parent-child relationship with his two sons A.H. and D.H. On appeal, appellant contends the mediated settlement agreement signed by the parties failed to display a statutorily required statement that the agreement was not subject to revocation. Appellant also contends the evidence was legally and factually insufficient to establish the appointed guardian ad litem complied with the terms of the settlement agreement. We conclude appellant's contentions are not well taken and affirm the trial court's judgment.

### I.

The Texas Department of Protective and Regulatory Services initiated this case when it filed a petition to terminate appellant's parental rights. The parties mediated their dispute and ultimately signed a "Binding Mediated Settlement Agreement." Among other things, the agreement provided that: (1) the Department would conduct a home study on appellant's mother, and the guardian ad litem "shall meet with the paternal grandparents in their home and conduct his own study;" (2) appellant would execute an affidavit of relinquishment for each child to be held by an officer of the court and only be filed under the conditions of the agreement; and (3) if the home study was not favorable or the guardian ad litem was not in agreement with a favorable home study, then (i) the affidavits of relinquishment would be filed with the court and (ii) the Department would seek termination of appellant's parental rights based only on the affidavits, foregoing other potential grounds for termination under the Texas Family Code.

In furtherance of the agreement, the Department engaged an independent contractor to conduct a home study. The contractor returned a favorable study on appellant's mother. Despite the conclusions reached in the home study, however, both the Department and the guardian ad litem did not approve placement of the children with the paternal grandmother. An addendum was filed to the home study indicating the Department's reasons for rejecting placement with the paternal grandmother and expressing various concerns with the home study.

At the termination trial, the trial court took judicial notice of the mediated settlement agreement. A Department caseworker testified that the Department and the guardian ad litem did not approve the home study and requested appellant's parental rights be terminated based solely on the affidavits of relinquishment pursuant to the parties' agreement. The trial court ordered appellant's attorney to tender appellant's affidavits of relinquishment. Appellant's counsel complied but voiced his objection that he was not allowed to question the guardian ad litem with respect to his reasons for not approving the home study. The trial court terminated appellant's parental rights based on his affidavits of relinquishment and the best interests of the children.

### II.

In his first issue on appeal, appellant contends the trial court erred in rendering a judgment based on the settlement agreement because it failed to display a statutorily required statement that the agreement was not subject to revocation. To be binding, a mediated settlement agreement must prominently display a statement "in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation." *See* Tex. Fam.Code Ann. § 153.0071(d)(1) (Vernon 2002). In this case, appellant urges the handwritten paragraph eight of the agreement that states, "This is a binding *IRRE-*

*VOCABLE* agreement," is insufficient to meet the statutory requirements. The record in this case reveals that, in addition to the handwritten statement noted above, the following appears at the bottom of both pages two and three of the agreement signed by the parties: *"THE PARTIES AGREE THAT THIS SETTLEMENT AGREEMENT IS BINDING AND NOT SUBJECT TO REVOCATION. THIS AGREEMENT MEETS THE REQUIREMENTS OF SECTION 153.0071 OF THE TEXAS FAMILY CODE."* This statement clearly complies with the statute's requirement that a statement be made that "the agreement is not subject to revocation." *See id.* Moreover, this statement is prominently displayed. We resolve appellant's first issue against him.

In his second and third issues, appellant claims the trial court erred in ordering appellant's counsel to produce his affidavits of relinquishment because the evidence was legally and factually insufficient to establish that the guardian ad litem complied with the settlement agreement's term requiring the guardian ad litem to conduct his own study. Appellant contends that because the guardian ad litem did not testify that he visited the paternal grandmother's home and conducted his own study, the evidence is legally and factually insufficient to prove his compliance with the settlement agreement and, therefore, the trial court should not have ordered appellant's counsel to produce appellant's affidavits of relinquishment, which formed the evidentiary basis for the trial court's decree terminating appellant's parental rights. We do not agree.

To succeed in severing the parent-child relationship, the Department must prove its allegations by clear and convincing evidence. *See* TEX. FAM.CODE ANN. § 161.001 (Vernon 2002). When reviewing legal and factual sufficiency challenges under the heightened "clear and convincing" standard, we must determine whether a reasonable trier of fact could reasonably form a firm belief or conviction about the truth of the Department's allegations. *In re J.F.C.,* 96 S.W.3d 256, 266 (Tex.2002) (legal sufficiency); *In re C.H.,* 89 S.W.3d 17, 25 (Tex.2002) (factual sufficiency); *In re J.R.K.* 104 S.W.3d 341, 342–43 (Tex. App.-Dallas 2003, no pet.).

In reviewing for legal sufficiency, we look at all the evidence in the light most favorable to the judgment and assume the fact finder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. *J.F.C.,* 96 S.W.3d at 266. When analyzing a factual sufficiency challenge, we must defer to evidence the fact finder could reasonably have found clear and convincing. *Id.* We should consider whether disputed evidence is such that a reasonable fact finder could not have resolved the disputed evidence in its favor. *Id.* If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of its finding is so significant that a fact finder could not have reasonably formed a firm conviction or belief, then the evidence is factually insufficient. *Id.*

Here, the guardian ad litem testified that he did an investigation of his own and spoke with the paternal grandmother, her brother and his wife, with the grandmother's stepson and her son Allen and his wife. He stated he performed a complete and thorough investigation and a thorough analysis of the home study performed for the Department. He further recommended that the children not be placed with the paternal grandmother and her husband but remain in their current foster care placement. There was no evidence introduced by either party that the guard-

ian ad litem did not comply with the settlement agreement's provisions.[1] The agreement specifically provided the affidavits of relinquishment be filed with the court if the guardian ad litem was not in agreement with a favorable home study. Based on the record before us, a reasonable fact finder could reasonably form a firm belief or conviction that the guardian ad litem performed the called-for study and disapproved placement with the paternal grandmother. The agreement specifically contemplated that appellant's affidavits of relinquishment would be filed with the trial court in such circumstances. Because the evidence was legally and factually sufficient to support a finding that the guardian ad litem complied with the settlement agreement, the trial court did not err in ordering the production of appellant's affidavits of relinquishment and rendering judgment of termination based on those affidavits.

We affirm the trial court's judgment.

---

1. We do not address which party had the burden of proof on the noncompliance issue.